AARON D. LANGBERG (SBN 284975)
alangberg@tesla.com
TESLA, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 828-8959

Attorney for Defendant
TESLA MOTORS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTY FLANNIGAN,<br><br>Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04801<br><br>**DEFENDANT TESLA MOTORS, INC.'S NOTICE OF REMOVAL**<br><br>Santa Barbara County Superior Court Case No. 23CV02119<br><br>*Complaint Filed: May 16, 2023* |

# TABLE OF CONTENTS


I. PROCEDURAL BACKGROUND IN STATE COURT .......... 1

II. TIMELINESS OF REMOVAL .......... 2

III. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE .......... 2

A. There Is Complete Diversity Of Citizenship In This Case .......... 2

1. Plaintiff Is A Citizen Of California .......... 2

2. Tesla Is Not A Citizen Of California .......... 3

3. Doe Defendants Should Be Disregarded .......... 4

B. The Amount In Controversy Requirement Has Been Met .......... 4

1. Standard To Demonstrate Amount In Controversy .......... 4

2. General And Punitive Damages Exceed $75,000 .......... 5

3. Verdicts In Cases With Similar Claims Exceed $75,000 .......... 6

4. Attorneys' Fees Exceed $75,000 .......... 6

IV. VENUE .......... 7

V. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT .......... 7

VI. PRAYER FOR REMOVAL .......... 8

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Tesla Motors, Inc. ("Tesla" or "Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Santa Barbara, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332, codified in relevant part at 28 U.S.C. §1332. Tesla states that removal is proper for the following reasons.

## I. PROCEDURAL BACKGROUND IN STATE COURT

On May 16, 2023, Plaintiff Kristy Flannigan ("Plaintiff") filed a Complaint entitled, "*KRISTY FLANNIGAN, Plaintiff v. TESLA MOTORS, INC., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants,*" Santa Barbara County Superior Court Case No. 23CV02119 (the "Complaint"). The Complaint alleged nine causes of action for: (1) Violation of Labor Code Section 1102.5; (2) Disability Discrimination; (3) Retaliation in Violation of FEHA; (4) Failure to Prevent Discriminaton and Retaliation; (5) Failure to Accommodate; (6) Failure to Engage in an Interactive Process; (7) Age Discrimination; (8) Wrongful Discharge in Violation of Public Policy; and (9) Intentional Infliction of Emotional Distress. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

On May 22, 2023 Tesla was served with copies of the Summons, Complaint, Civil Case Cover Sheet, and attendant documents through its agent for service of process, CT Corporation, in Glendale, California. *See* concurrently filed Declaration of Aaron D. Langberg ("Langberg Decl.") at ¶2 and Exhibit A (service package).

On June 16, 2023, Tesla filed and served its Answer to Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit 2**.

Exhibits 1 and 2 attached hereto and Exhibit A to the concurrently filed Langberg Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in the Santa Barbara County Superior Court prior to filing of this Notice of Removal. Langberg Decl.

at ¶3. A Case Management Conference has been scheduled for September 13, 2023. *Id*.

## II. TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service of the Complaint on Tesla, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 119 S. Ct. 1322, 1325 (thirty-day deadline to remove commences upon service of the summons and complaint).

## III. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. A Notice of Removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 …" *Ellenburg v. Spartan Motos Chassis, Inc.* (4th Cir. 2008) 519 F.3d 192, 200 (internal quotes and brackets omitted).

### A. There Is Complete Diversity Of Citizenship In This Case

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's.

#### 1. *Plaintiff Is A Citizen Of California*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*. (9th Cir. 1983) 704 F.2d 1088, 1090 ("To

show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state.”). A person’s domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co*. (9th Cir. 2001) 265 F.3d 853, 857 (“A person’s domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.”). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 (“the place of residence is *prima facie* the domicile”).

Plaintiff alleges that she, “At all relevant times, Plaintiff KRISTY FLANNIGAN is an individual residing in Solvang, County of Santa Barbara, State of California.” Complaint at ¶1. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

**2. *Tesla Is Not A Citizen Of California***

For the purposes of diversity jurisdiction, “a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.” 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity’s “principal place of business” for determining its citizenship is its “nerve center”:

> We conclude that “principal place of business” is best read as referring to the place where a corporation’s officers direct, control, and coordinate the corporation’s activities. It is the place that Courts of Appeals have called the corporation’s “nerve center.” **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the “nerve center”** ....

(2010) 559 U.S. 77, 92-93 (emphasis added).

Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business

and headquarters in Austin, Texas.[1] Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times, Tesla is and has been a citizen of the States of Delaware and Texas.

**3. *Doe Defendants Should Be Disregarded***

Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §133; *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the real Defendant, Tesla, have diverse citizenship.

**B. The Amount In Controversy Requirement Has Been Met**

**1. *Standard To Demonstrate Amount In Controversy***

While Tesla denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins*. (9th Cir. 1996) 102 F.3d 398, 403-404) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*. (9th Cir. 2004) 372 F.3d 1115, 1117 (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee Foods Corp*. (9th Cir. 2007) 506 F.3d 696, 700 ("Section 1332(a)'s amount-in-controversy

[1] Tesla's Form 10-K for the fiscal year ended December 31, 2022, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 13101 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

requirement excludes only 'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*. (9th Cir. 1963) 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.* (N.D. Cal. 1998) 994 F. Supp. 1196, 1198 ("amount in controversy" includes claims for general and special damages).

In the Complaint Plaintiff requests "(1) Compensatory damages, according to proof; (2) Special and general damages, according to proof; (3) Punitive and exemplary damages, according to proof; (4) Reasonable attorneys' fees; (5) Interest pursuant to Civil Code §§ 3287 and 3288; (6) Costs of suit herein incurred; and (7) Such other and further relief as this Court deems just and proper." Complaint at Prayer for Relief, 17:28–18:6. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

**2. *General And Punitive Damages Exceed $75,000***

Although Tesla denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails, Plaintiff is seeking an award of both general and punitive damages. Complaint at Prayer for Relief, 17:28-18:6. Plaintiff alleges she was "not only denied her employment, but she was also denied the benefits that came along with it including, but not limited to, a substantial loss of unvested stock options as well as salary and benefits." *Id*. at ¶39. Plaintiff also alleges that, "she has suffered and continues to suffer lost wages, benefits, earning potential, and suffered humiliation, extreme and severe mental anguish, emotional distress…" *Id*. at ¶48. Plaintiff also seeks to recover punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here,

for a defendant of Tesla's size, it is probable that a punitive damages award, if assessed, would exceed $75,000.00.

**3. *Verdicts In Cases With Similar Claims Exceed $75,000***

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1033; *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980. California jury verdicts in cases involving claims similar to Plaintiff's often exceed $75,000. *See, e.g.*, *Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp*. (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims).

Because Plaintiff's allegations that she was discriminated against, retaliated against, and wrongfully terminated based upon her alleged protected characteristics are similar to the claims and issues raised in the cases cited above, these awards demonstrate that, for diversity purposes, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

**4. *Attorneys' Fees Exceed $75,000***

Plaintiff also seeks attorneys' fees. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp*. (San Diego County Sup. Ct. Sept. 14, 2006) 2007 WL 2827715 (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles* (Los Angeles County Sup. Ct. March 21, 2005) 2005 WL 3729094, Case No. BC298898 (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City*

*College* (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

Consequently, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

## IV. VENUE

Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446. Plaintiff originally brought this action in the Superior Court of the State of California, Santa Barbara County, which is located within the Central District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## V. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

Pursuant to 28 U.S.C. §1446(d), Defendant will give prompt written notice of the filing of this Notice of Removal to Plaintiff and her counsel, and together with a copy of the Notice of Removal, will file the documents with the Clerk of the Superior Court of the State of California, Santa Barbara County.

///

///

///

///

///

///

///

///

**VI. PRAYER FOR REMOVAL**

WHEREFORE, Tesla prays that this civil action be removed from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California.

DATED: June 19, 2023

Respectfully submitted,

TESLA MOTORS, INC.

By: */s/ Aaron D. Langberg*
Aaron D. Langberg
Attorney for Defendant
TESLA MOTORS, INC.